UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE E. LAFOUNTAIN,
    Plaintiff,

No. 1:07-cv-076

-v-

HONORABLE PAUL L. MALONEY

ANTHONY MARTIN,
    Defendant.

ORDER DENYING PLAINTIFF'S OBJECTION TO MAGISTRATE ORDER

This matter comes before the court on Plaintiff Lafountain's objection (Dkt. No. 58) to an order issued by the magistrate judge. Plaintiff is a prisoner under the control of the Michigan Department of Corrections. Plaintiff filed motions to proceed *in forma pauperis* and for appointment of counsel. The magistrate judge issued an order granting Plaintiff *in forma pauperis* status, but denying Plaintiff appointed counsel. Plaintiff objects to the portion of the order denying him appointed counsel.

Rule 72(a) allows a party to object to a ruling by a Magistrate Judge by filing objections in the District Court where the case is assigned. FED. R. CIV. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the "clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v.*

*Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the "clearly erroneous standard in Rule 52(a)).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983). *See also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

Plaintiff has not established the magistrate's order was either clearly erroneous or contrary to law. There is no constitutional right to appointed counsel in civil cases. *Lassiter v. Dep't of Soc. Servs*, 452 U.S. 18, 25-27 (1981). More specifically, there is no right to counsel in civil rights cases filed by prisoners. *Bennett v. Smith*, 110 F.App'x 633, 635 (6th Cir. 2004) (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)). Appointment of counsel in a civil proceeding is justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-606 (6th Cir. 1993). Plaintiff asserts, because he is incarcerated, he will have difficulty preparing his case. Plaintiff references the deadlines in the case management order for discovery, depositions and expert witnesses. Those difficulties are present in every prisoner civil rights case and the Sixth Circuit,

2

following the holdings of the Supreme Court, has squarely rejected those considerations as necessitating appointment of counsel. Plaintiff has not established the facts of his case arise to the "exceptional circumstances" standard.

Therefore, Plaintiff's objection (Dkt. No. 58) is **OVERRULED. IT IS SO ORDERED.**

Date:  October 5, 2009   /s/ Paul L. Maloney  
                                                                                        Paul L. Maloney  
                                                                                        Chief United States District Judge