UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE EARL LAFOUNTAIN,
      Plaintiff,

No. 1:07-cv-76

-v-

HONORABLE PAUL L. MALONEY

ANTHONY MARTIN,
      Defendant.

OPINION AND ORDER
OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS

      Plaintiff Wayne Lafountain is a prisoner under the control of the Michigan Department of Corrections. He filed a civil rights suit under 42 U.S.C. § 1983 against Defendant Anthony Martin, a corrections officer, in his individual capacity. Plaintiff filed various motions, including a motion for entry of default (Dkt. No. 56), a motion to consolidate cases (Dkt. No. 59), and a motion to appoint an expert witness (Dkt. No. 64). Defendant filed a motion to take Plaintiff's deposition. (Dkt. No. 68). The magistrate judge issued orders granting Defendant's motion (Dkt. No. 72), denying Plaintiff's motion to consolidate cases (Dkt. No. 73), denying Plaintiff's motion for appointment of an expert witness (Dkt. No. 74), and denying Plaintiff's motion for default (Dkt. No. 75.) Plaintiff filed objections (Dkt. No. 79) to the four orders.

LEGAL FRAMEWORK

      Rule 72(a) allows a party to object to a ruling by a Magistrate Judge by filing objections in the District Court where the case is assigned. FED. R. CIV. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence

to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983). *See also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

ANALYSIS

A. Order Granting Defendant's Motion to Depose Plaintiff (Dkt. No. 72)

The magistrate judge granted Defendant's motion under Rule 30(a)(2) of the Federal Rules of Civil Procedure. The rule requires such motion be granted unless the burden and expense outweighs the benefits. Plaintiff's objection does not establish that the magistrate judge's reasoning

2

is either clearly erroneous or contrary to law. The fact that Plaintiff's earlier motion for appointment of counsel was denied is irrelevant to Defendant's motion to depose Plaintiff. Whether Defendant is in default will be addressed below. Plaintiff alleges the magistrate judge's decision to grant the motion evidences a bias against him. Prejudice or bias must arise from some extrajudicial source and typically not from a judge's rulings or participation in a case. *Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001). *See Liteky v. United States*, 510 U.S. 540, 555-556 (1994). On the basis of Plaintiff's allegations, a reasonable person would not question the magistrate judge's impartiality. *See Ullmo*, 273 F.3d at 681.

      B. Order Denying Plaintiff's Motion to Consolidate Cases (Dkt. No. 73)

The magistrate judge denied Plaintiff's motion to consolidate cases, finding that the two cases do not arise out of a common nucleus of operative facts and involve different defendants. Plaintiff objects, asserting Defendant's conduct at issue here is related to the claims alleged in another case, *Lafountain v. Mikkelson*, No. 1:08-cv-263 (W.D. Mich.). Plaintiff does not dispute that the magistrate judge had discretion to consolidate the two cases. Neither does Plaintiff dispute that the two cases involve different defendants.

The two cases do not involve a nucleus of common facts. Even if there is some overlap between the two cases, Plaintiff's assertions do not establish that the magistrate judge abused her discretion or was either contrary to law or clearly erroneous. To the extent that Defendant Martin may have motivated the conduct of the defendants at issue in the other case, there is little risk of inconsistent adjudications of common factual and legal issues and the burdens on the various parties are slight. Plaintiff offers no legal authority for his assertion that the magistrate judge should not have been allowed to rule on the motion because the same magistrate judge has issued a report and

recommendation in the other case.

      C. Order Denying Plaintiff's Motion for Appointment of an Expert Witness (Dkt. No. 74)

The magistrate judge denied Plaintiff's motion for appointment of an expert witness because the claims raised in Plaintiff's complaint were not sufficiently complex. The magistrate judge further questioned the authority of the court to appoint an expert solely on the basis that Plaintiff was proceeding *in forma pauperis*. Plaintiff objects, explaining an expert is needed to apprise the jury of the extent of a correction officers' authority to review prisoner files and to explain the grievance practices within the prison system. Plaintiff also alleges an expert may be appointed pursuant to Rule 706(a) of the Federal Rules of Evidence. Plaintiff has not established the magistrate judge's order was clearly erroneous or contrary to law. Expert testimony may be used when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. The facts to which Plaintiff wishes an expert to testify do not require the sort of specialized knowledge or training for which an expert would be required. Additionally, Rule 706 neither compels a court to appoint an expert nor does the rule support the conclusion that the court necessarily abused its discretion by failing to appoint an expert. *Hannah v. United States*, 523 F.3d 597, 601 n. 2 (5th Cir. 2008).

      D. Order Denying Plaintiff's Motion for Default (Dkt. No. 75)

The magistrate judge found Defendant's November 3, 2009 motion for summary judgment was untimely, but not egregiously so. Plaintiff was not prejudiced by the timeliness of the response. On that basis, the magistrate judge denied Plaintiff's motion for default. Plaintiff objects arguing Defendant's answer to the complaint was not timely filed.

The time for filing an answer to the complaint is ordinarily governed by the Federal Rules

4

of Civil Procedure. An answer to a complaint is a pleading. FED. R. CIV. P. 7(a)(2). Allegations made in a pleading are admitted if a responsive pleading is required and the allegations are not denied. FED. R. CIV. P. 8(b)(6). The time to file an answer to a complaint is provided in Rule 12(a) of the Federal Rules of Civil Procedure, which includes the caveat "unless another time is specified by this rule or a federal statute." FED. R. CIV. P. 12(a). When a defendant files a motion under Rule 12, the "responsive pleading must be served within 10 days after notice" of the court's decision to deny the motion or to postpone the disposition of the motion until trial. FED. R. CIV. P. 12(a)(4)(A). In addition, 42 U.S.C. § 1997e(g) provides

> (1) A defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
> (2) The court may require a defendant to reply to a complaint brought under this section if it finds the plaintiff has a reasonable opportunity to prevail on the merits.

The procedural history of the case is somewhat convoluted. Plaintiff filed this complaint in January 2007. The magistrate judge screened the complaint under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) and concluded the action should not be dismissed sua sponte. (Dkt. No. 2.) The magistrate ordered Defendant be served and imposed certain requirements on how Defendant must respond to the complaint.

> (a) if a Defendant contends that the Plaintiff has failed to exhaust his administrative remedies as to one or more claims contained in the complaint, the alleged failure must be raised in a motion for summary judgment filed within thirty days after service of the complaint. *See* 42 U.S.C. § 1997e(g)(2). The failure to raise exhaustion as directed by this order may result in a waiver of the defense. **Any motion asserting the exhaustion defense must be limited to that issue only.** *A Defendant asserting the exhaustion defense will have the opportunity to raise any other defense in a future motion or pleading*, **or**
> (b) if a Defendant chooses not to raise the exhaustion defense, that Defendant shall reply to the complaint by way of an answer, motion to dismiss, or motion for

5

summary judgment within the time allowed by law. *See* 42 U.S.C. § 1997e(g)(1). (*Id.*) (bolded text in original, italicized text added). Defendant was served on April 6, 2007. Defendant was granted an extension of time to file an answer until May 30, 2007. On April 30, 2007, Defendant filed a motion to dismiss for failure to exhaust administrative remedies. On May 30, 2007, Defendant filed another motion for an extension of time to file an answer to the complaint. The motion was granted and the answer was due on July 27, 2007. The magistrate judge gave notice to the parties that the motion to dismiss would be treated as a motion for summary judgment. Ultimately, the motion was granted. On appeal, the Sixth Circuit Court of Appeals vacated the order and remanded the case to the district court. The mandate was issued on July 9, 2009. The remand order returned jurisdiction over the case to the district court. *See Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Resources*, 71 F.3d 1197, 1202 (6th Cir. 1995). A case management order was issued on September 10, 2009 and Plaintiff filed his motion for entry of default on September 14, 2009. Defendant filed his motion for summary judgment on November 3, 2009. Defendant filed an answer to the complaint, along with affirmative defenses, on November 13, 2009.

Plaintiff is not entitled to entry of default and the magistrate judge's order therefore is neither clearly erroneous nor contrary to law. If the timeliness of Defendant's answer was determined by the rules of civil procedure, as is asserted by Plaintiff, Defendant would be in default. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C.Cir. 1980)). However, Rule 12(a) contains an exception which pertains to this situation. Because Plaintiff is a prisoner filing a suit under 42 U.S.C.§ 1983, there are exceptions to the ordinary pleading requirements contained in 42 U.S.C. § 1997e(g), which apply here. *See Jones v. Bock*, 549 U.S. 199, 214, 216 (2007).

Under the explicit language of § 1997e(g)(1), prisoner plaintiffs filing suit under § 1983 are not entitled to entry of default against a defendant who has been properly served, but nevertheless has not filed any reply. *See e.g.*, *Bell v. Lesure*, No. CIV-08-1255, 2009 WL 1290984 (W.D. Ok. May 6, 2009) (Russell, Dist. J) (adopting report and recommendation); *Barnard v. Johnson*, No. 3:07cv566, 2008 WL 4831697 (E.D. Va. Nov. 6, 2008) (Williams, Dist. J.) (denying the plaintiff's motion for default judgment); *Barrett v. MDOC*, No. 2:06cv271, 2007 WL 3023051 (S.D. Miss. Oct. 11, 2007) (Parker, Mag. J.) (order denying motion for default judgment). Courts have consistently interpreted § 1997e(g) as barring a plaintiff from obtaining an entry of default when no reply has been filed "because defendants have no obligation to reply to the complaint until ordered by the court." *Stevenson v. MDOC*, No. 1:07-cv-213, 2007 WL 1202310 (W.D. Mich. Apr. 23, 2007) (Brenneman, Mag. J.). *See also Proctor v. Applegate*, No. 07-12414, 2009 WL 3498813 (E.D. Mich. Oct. 26, 2009) (Hluchaniuk, Mag. J.); *Kettering v. Larimer County Det. Ctr.*, No. 06-cv-01989, 2008 WL 324127 (D. Col. Feb. 5, 2008) (Mix, Mag. J.); *Boling v. Corr. Med. Serv.*, No. 07-11752, 2007 WL 2515222 (E.D. Mich. Aug. 31, 2007) (Pepe, Mag. J.). Defendant Martin can be defaulted for failing to follow a court order requiring him to respond to the complaint. *See Halpin v. David*, No. 4:06cv457, 2008 WL 563943 (N.D. Fla. Dec. 8, 2008) (Sherrill, Mag. J.) ("While § 1997e(g) allows a Defendant to wait to respond until directed to do so . . ., it is not accepted that § 1997e(g) permits a Defendant to ignore a court order directing a response." (citation omitted)); *Vinning v. Walls*, No. 01-994, 2008 WL 5773782 (S.D. Ill. Oct. 10, 2008) (Proud, Mag. J.) (discussing the two subsections of § 1997e(g) and concluding the permissive "may" in subsection (2) indicates that courts will order a defendant to reply only after an initial screening of the complaint has been performed).

In this situation, Defendant Martin's submissions are consistent with both court orders and with the provisions of § 1997e(g). The magistrate judge ordered Defendant Martin to either file a motion raising only the issue of exhaustion *or* file an answer, motion to dismiss, or a motion for summary judgment within the time allowed by law. (Dkt. No. 2.) The order explicitly provided that if Defendant Martin filed a motion raising the exhaustion issue, he would "have the opportunity to raise any other defense in a future motion or pleading." (*Id.*) Defendant Martin filed a motion raising exhaustion. The motion was granted, an appeal was taken, and the order was vacated. Typically, this court would order Defendant to file an answer to the complaint after the action was remanded and before a case management order issues. No such order was given and Defendant Martin had no obligation to file an answer to the complaint. He did, however, opt to file an answer and exercise the opportunity afforded him in the magistrate judge's order of service. (*Id.*)

E. General Objection

Plaintiff includes a general objection asserting the accumulation of orders and rulings against him clearly establish the magistrate judge has a bias against him. As explained earlier, judicial bias must arise from some extrajudicial source and not from the rulings in a case. Although Plaintiff believes the rulings against him demonstrate bias, the contrary rulings may also be interpreted as evidence that Plaintiff's various motions lack merit.

CONCLUSION

For the reasons provided above, Plaintiff has not established the magistrate judge's order were either clearly erroneous or contrary to law.

ORDER

Plaintiff's objections (Dkt. No. 79) to the orders of the magistrate judge are **OVERRULED.**

**IT IS SO ORDERED.**

Date:  December 3, 2009                             /s/ Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          Chief United States District Judge