UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE LAFOUNTAIN,
         Plaintiff,

No. 1:07-cv-76

-v-

HONORABLE PAUL L. MALONEY

ANTHONY MARTIN,
         Defendant.

## ORDER DENYING PLAINTIFF'S OBJECTION

This matter comes before the court on Plaintiff's objection (Dkt. No. 94) to an order issued by the magistrate judge. Plaintiff Wayne Lafountain, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights complaint against Defendant Anthony Martin. In September 2009, this court issued a case management order (Dkt. No. 55), allowing discovery through February 12, 2010. On February 3, 2010, Plaintiff filed a motion (Dkt. No. 88) to enlarge the period for completion of discovery, alleging Defendant had not been cooperative with Plaintiff's discovery requests. The magistrate judge denied the motion. (Dkt. No. 90.) Plaintiff filed this objection.

## STANDARD OF REVIEW

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. FED. R. CIV. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)

(explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*); *see also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the magistrate judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)); *see also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

ANALYSIS

The magistrate judge's decision to deny Plaintiff's motion to amend the case management order was neither clearly erroneous nor contrary to law. An extension of time for discovery would not relieve Plaintiff of the problem he alleges, a lack of cooperation by Defendant. Furthermore, since the magistrate judge denied Plaintiff's motion, Plaintiff filed a motion to compel discovery. (Dkt. No. 91.) Plaintiff therefore has an opportunity to justify his discovery requests and has been afforded an avenue for relief from what he alleges are improper denials by Defendant of Plaintiff's

discovery requests.

Accordingly, Plaintiff's objection (Dkt. No. 94) is **OVERRULED. IT IS SO ORDERED.**


Date: March 1, 2010  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge