UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE LAFOUNTAIN,
    Plaintiff,

-v-

ANTHONY MARTIN,
    Defendant.

No. 1:07-cv-76

HONORABLE PAUL L. MALONEY

## ORDER DENYING PLAINTIFF'S OBJECTION

Plaintiff Wayne LaFountain, a prisoner under the control of the Michigan Department of Corrections (MDOC), initiated a civil rights complaint against Defendant Anthony Martin based upon events that occurred in 2003 and 2004. Plaintiff filed a motion to compel discovery (Dkt. No. 91) based on Defendant's objections to Plaintiff's request for admissions and interrogatories. The magistrate judge issued an order (Dkt. No. 106) granting in part and denying in part Plaintiff's motion. Plaintiff has now filed objections (Dkt. No. 110) to two specific rulings in the magistrate judge's order denying his discovery motion.

LEGAL FRAMEWORK

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. FED. R. CIV. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)

(explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*); *see also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the magistrate judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)); *see also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

ANALYSIS

The court has reviewed Plaintiff's objections and does not find them persuasive. Plaintiff's request that Defendant admit he took a stress leave five years after the alleged incidents giving rise to the lawsuit is not reasonably calculated to lead to admissible material. Assuming as true, for the sake of argument only, Plaintiff's allegations that Defendant's alleged misconduct was exposed in some sort of sting operation after he returned from an alleged stress leave, and was subsequently terminated. Assuming, for the sake of argument only, that this evidence relating to the sting

operation and Defendant's alleged misconduct was admissible. Plaintiff has still not established why the fact that Defendant may or may not have taken a stress leave is relevant to any of the claims in his lawsuit. Plaintiff has not established that the magistrate judge's order on this issue was either clearly erroneous or contrary to law. Second, Plaintiff's interrogatories 6-9 and 17, all of which relate to polygraph examinations, are not reasonably calculated to lead to the discovery of admissible evidence. Although a party's willingness to take a polygraph test may be admissible (*see Murphy v. Cincinnati Ins. Corp.*, 772 F.2d 273, 277 (6th Cir. 1985)), a party's unwillingness to take a polygraph test may not be admissible (*see Wolfel v. Holbrook*, 823 F.2d 970, 974 (6th Cir. 1987)). Plaintiff has not established that the magistrate judge's order on this issue was either clearly erroneous or contrary to law.

For these reasons, Plaintiff's objections to the magistrate judge's order are **DENIED. IT IS SO ORDERED.**

Date:   April 2, 2010                                             /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  Chief United States District Judge