UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE LAFOUNTAIN,
    Plaintiff,

-v-

ANTHONY MARTIN,
    Defendant.

No. 1:07-cv-76

HONORABLE PAUL L. MALONEY

ORDER SETTING ASIDE ORDER OF THE MAGISTRATE JUDGE

Wayne LaFountain, a prisoner under the control of the Michigan Department of Corrections (MDOC), commenced a lawsuit against Corrections Officer Martin. Plaintiff filed a motion for service of subpoenas by the United States Marshal Service. (Dkt. No. 83.) The magistrate judge denied the motion. (Dkt. No. 108.) The magistrate judge concluded Plaintiff's subpoenas requested non-parties to appear and produce documents. Because Plaintiff failed to submit the appropriate witness and mileage fees for the witnesses to appear, the magistrate judge denied the motion. Plaintiff timely filed an objection. Plaintiff argues the subpoenas do not require the witnesses to appear, but only to produce the requested documents. Plaintiff asserts the witnesses, employees of the MDOC, can use interdepartmental mail and avoid the cost of delivery.

STANDARD OF REVIEW

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. Fed. R. Civ. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*); *see also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the magistrate judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the "contrary to law" standard. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)); *see also Botta v. Barnhart*, 475 F. Supp.2d 174, (E.D.N.Y. 2007) ("An order is clearly contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" (quoting *Catskill Dev., LLC v. Park Place Entrn't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

## ANALYSIS

The subpoenas submitted by Plaintiff for delivery by the Marshal do not require the non-party witnesses to appear at Plaintiff's place of incarceration. The subpoenas submitted are standard forms for this district. As completed by Plaintiff, the subpoenas require the witness to produce certain documents at Plaintiff's place of incarceration by a certain date, either by U.S. mail or by

2

institutional mail service. Plaintiff correctly points out that Rule 45(c)(2)(A) specifies that an individual commanded to produce documents need not appear in person at the place of production, unless the person is also commended to appear for a deposition, hearing, or trial.

Because the subpoenas at issue do not require the witnesses to appear in person, the magistrate judge's order (Dkt. No. 108) is **SET ASIDE** as clearly erroneous. To be clear, this order should be interpreted only to conclude that the subpoenas do not require the witnesses to appear at Plaintiff's place of incarceration. **IT IS SO ORDERED.**


Date:    April 15, 2010                                          /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              Chief United States District Judge