UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE LAFOUNTAIN,
        Plaintiff,

        No. 1:07-cv-76

-v-

        HONORABLE PAUL L. MALONEY

ANTHONY MARTIN,
        Defendant.

OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION

Wayne LaFountain, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a complaint under 42 U.S.C. § 1983 against Anthony Martin, an MDOC corrections officer. The complaint alleges claims under the First and Eighth Amendments of the United States Constitution, as well as a claim under state law. Defendant Martin filed two motions for summary judgment. (Dkt. Nos. 61 and 99.) The magistrate judge issued a report (Dkt. No. 126) recommending the motions be denied. Defendant Martin timely filed objections. (Dkt. No. 127.)

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no

objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

ANALYSIS

The report contains recommendations regarding four separate issues. The magistrate judge concludes there are genuine issues of material fact on Plaintiff's claim for retaliation under the First Amendment and claim for deliberate indifference under the Eighth Amendment. Defendant has not filed any objections to either of these conclusions. The magistrate judge concludes Plaintiff's request for damages arising from his retaliation claim is not precluded by 42 U.S.C. § 1997e(e). Defendant objects, arguing the statute requires the court to dismiss the complaint. Finally, the magistrate judge concludes there are genuine issues of material fact on the second prong of Defendant's claim for governmental immunity with regard to Plaintiff's state law claim. Defendant objects, arguing the second prong, whether he acted in good faith or with malice, requires a subjective evaluation. The R&R adequately summarizes the factual basis for the various claims, which will not be repeated here. Neither party has filed any objection concerning the factual statements outlined in the R&R.

  A. CLAIMS UNDER THE FIRST AND EIGHTH AMENDMENT

Because Defendant has not objected to the magistrate judge's recommendation, these portions of the report are ADOPTED, without objection, as the opinion of the court.

  B. DAMAGES UNDER 42 U.S.C. § 1997e(e)

Defendant argues Plaintiff has not suffered any physical injury and therefore, under 42 U.S.C. § 1997e(e), the court must dismiss the complaint. The magistrate judge concludes the claim need not be

dismissed because Plaintiff has sought relief, not for either emotional or mental injuries, but for violation of his First Amendment rights. The magistrate judge concludes § 1997e(e) does not apply and imposes no restriction on the relief Plaintiff may seek for the claims he has advanced. Defendant objects. Defendant asserts Plaintiff's alleged injuries must fall into the category of mental and emotional injuries, and therefore the action must be dismissed. As an alternative, Defendant argues the court should conclude Plaintiff is entitled to seek nominal damages only.

Congress enacted the Prison Litigation Reform Act (PLRA) in order to reduce the number of, and improve the quality of, lawsuits filed by prisoners. *Jones v. Bock*, 549 U.S. 199, 202 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "The PLRA contains a variety of provisions designed to bring [a sharp rise in prisoner] litigation under control." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing, *inter alia*, § 1997e(e)). The provision of the PLRA at issue reads as follows:

> (e) Limitation on recovery
> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury.

42 U.S.C. § 1997e(e).[1]

---

[1] John Boston, the project director of the Prisoners' Rights Project of the New York City Legal Aid Society, speculated this statutory provision might be "the highest concentration of poor drafting in the smallest number of words in the entire United States Code." John Boston, *The Prison Litigation Reform Act: The New Face of Court Stripping*, 67 Brook. L. Rev. 429, 434 (2001). James Robertson, a professor of corrections, commented that "[n]o aspect of the PLRA received less congressional deliberation than § 1997e(e)." James E. Robertson, *Psychological Injury and the Prison Litigation Reform Act: A "Not Exactly," Equal Protection Analysis*, 37 Harv. J. on Legis. 105, 114 (2000); *see also Zehner v. Trigg*, 952 F.Supp. 1318, 1325 (S.D. Ind. 1997) ("The legislative history contains virtually no discussion specifically concerning . . . 42 U.S.C. § 1997e(e)."). Although not mentioning § 1997e(e) explicitly, the Sixth Circuit Court of Appeals has commented that the PLRA suffers from a host of inexplicable errors. *See McGore v. Wigglesworth*, 114 F.3d 601, 603 (6th Cir. 1997) ("When Congress penned the Prison Litigation Reform Act of 1995, the watchdog must have been dead. The statute contains typographical errors, creates conflicts with the Rules of Appellate Procedure, and is internally inconsistent.") (citations omitted).

Attempts to properly interpret this statutory provision, as applied to claims arising under the First Amendment, has resulted in a circuit split. *See generally* Corbett H. Williams, Note, *Evisceration of the First Amendment: The Prison Litigation Reform Act and Interpretation of 42 U.S.C. § 1997e(e) in Prisoner First Amendment Claims*, 39 Loy. L.A. L. Rev. 859, 866 (2006). Several circuit courts have interpreted this statute to prohibit a prisoner from seeking certain forms of relief for violations of the First Amendment when the prisoner suffers no physical injury.[2] *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (per curiam) (involving a suit for violation of rights under the First Amendment and holding that the statute limits the relief available, not the claim itself, so that where a prisoner alleges a constitutional violation in a federal civil action, "compensatory damages for mental or emotional injuries [are] non-recoverable, absent physical injury."); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (holding that § 1997e(e) limits recovery for mental and emotional injury for violations of First Amendment rights, but does not limit other forms of recovery); *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (involving a claim for violations of First Amendment rights and holding that § 1997e(e) "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional."); *Allah v. Al-Hafeez*, 226 F.3d 247, 250-51 (3d Cir. 2000) (holding that § 1997e(e) does not bar a prisoner from seeking nominal or punitive damages for violations of his rights under the First Amendment); *Rowe v.*

---

[2]Other circuit courts have addressed § 1997e(e) more broadly to consider all constitutional torts, rather than just claims under the First Amendment. Those courts generally reach the same conclusion, that the statute limits the relief available where the plaintiff has not demonstrated any physical injury. *See e.g., Thompson v. Carter*, 284 F.3d 411, 416-17 (2d Cir. 2002). Defendant argues *Davis v. District of Columbia*, 158 F.3d 1342, 1348-49 (D.C.Cir. 1998) indicates dismissal of all constitutional claims under § 1997e(e) is appropriate when no physical injury can be established. *Davis*, however, refused to consider whether nominal damages could be sought for constitutional claims because the plaintiff never sought nominal damages. *Id.* at 1349 ("We would thus confront the issue only if we strained to find inferences that are not available on the face of the complaint or in the briefs submitted to this Court, and we think such straining inappropriate.") (citation omitted).

4

*Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (holding that 1997e(e) applies only to claims for mental or emotional injuries and that a "prisoner is entitled to judicial relief for a violation of his First Amendment rights aside from any physical, mental, or emotional injury he may have sustained."). In contrast, the Ninth Circuit Court of Appeals has held that 1997e(e) does not bar relief for claims advanced under the First Amendment, because a claim for a violation of the First Amendment is not a claim for mental or emotional injuries. *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) ("The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred. Therefore, § 1997e(e) does not apply to First Amendment Claims regardless of the relief sought."); *see also Royal*, 375 F.3d at 729-731 (Heaney, C.J. dissenting). The Sixth Circuit Court of Appeals has provided little guidance on this issue. The Sixth Circuit has not ruled on whether § 1997e(e) requires dismissal of claims when the plaintiff does not plead or cannot prove a physical injury. *Taylor v. United States*, 161 F.App'x 483, 487 (6th Cir. 2005) (concluding the issue need not be addressed because, in that case, the plaintiff prisoner failed to exhaust his administrative remedies). In an unpublished table opinion, the Sixth Circuit stated that although most of the plaintiff's claims were precluded under 42 U.S.C. § 1997e(e), "plaintiff's First Amendment retaliation claim is not precluded." *Williams v. Ollis*, 230 F.3d 1361, 2000 WL 1434459, at *2 (6th Cir. Sept. 18, 2000) (citing *Canell*, 143 F.3d at 1213). In an Eighth Amendment case, the Sixth Circuit has held § 1997e(e) precludes prisoner suits for monetary damages when the prisoner does not allege any mental, emotional or physical injury. *See Robinson v. Corr. Corp. of America*, 14 F.App'x 382, 383 (6th Cir. 2001) (upholding a dismissal of an action for monetary damages where the prisoner alleged he suffered emotional distress, embarrassment, and humiliation when he was housed in a dormitory with fifty other inmates and noting that the physical injury requirement in § 1997e(e) "applies to statutory as well as constitutional claims.") (citing *Cassidy v. Indiana Dep't of Corr.*, 199 F.3d 374, 376-77 (7th Cir.

2000)); *Lucas v. Nichols*, No. 97-2060, 1999 WL 253711, at * 2 (6th Cir. Apr. 23, 1999) (unpublished table opinion) (dismissing a suit filed by a prisoner for violations of the Eighth Amendment that alleged, when he was a pre-trial detainee, he was subjected to inhumane treatment when he was placed in a small holding cell with twelve other individuals and no bed).

The resolution of this issue is similarly inchoate within the Western District.[3] *Compare Porter v. Caruso*, No. 1:05-cv-562, 2008 WL 3978972, at * 8 - * 9 (W.D. Mich. Aug. 22, 2008) (Neff, J.) (adopting a report and recommendation without objections where the report concludes § 1997e(e) does not bar punitive damages for violations of First Amendment rights and, even if the plaintiff were seeking damages for emotional or mental injuries, the section does not apply to First Amendment claims), *Kelley v. Hinsa*, No. 2:06-cv-211, 2007 WL 2814949, at * 6 (W.D. Mich. Sept. 25, 2007) (Quist, J.) (adopting a report and recommendation over objections where the report concludes § 1997e(e) does not apply to First Amendment claims), *Percival v. Rowley*, No. 1:02-cv-363, 2005 WL 2572034, at * 2 (W.D. Mich. Oct. 12, 2005) (Enslen, J.) (adopting the reasoning in *Canell*) *with Swackhammer v. Goodspeed*, No. 4:03-cv-82, 2009 WL 189854, at * 2 (W.D. Mich. Jan. 26, 2009) (Bell, J.) (predicting that the Sixth Circuit would follow the majority of circuit courts on the issue and allowing a prisoner to seek relief for violation of his First Amendment rights however precluding mental or emotional injuries in the absence of physical injury) *and Thompson v. Caruso*, No. 2:04-cv-204, 2008 WL 559655, at * 1 (W.D. Mich. Feb. 27, 2008) (Bell, J.) (holding that § 1997e(e) only precludes a prisoner from recovering compensatory damages for

---

[3]To further illustrate the diverging views on § 1997e(e), compare how different districts have resolved the constitutionality of the statutory provision's constitutionality. The Eastern District of Michigan found that the provision would be unconstitutional if it were to preclude recovery of mental and emotional damages arising from violations of the First Amendment. *See Siggers-El v. Barlow*, 433 F.Supp.2d 811, 816 (E.D. Mich. 2006). In contrast, the Southern District of Indiana, in an action alleging violations of the Eighth Amendment, held the restriction on recovering damages was a constitutional exercise of congressional authority. *See Zehner v. Trigg*, 952 F.Supp. 1318, 1327-35 (S.D. Ind. 1997).

emotional and mental injuries suffered from violations of his or her First Amendment rights).

Defendant's objection is OVERRULED. A plain reading of § 1997e(e) does not support Defendant's interpretation of the provision. The limitation on bringing a federal action contained in § 1997e(e) applies to claims for mental or emotional injuries. This court agrees with Judge Robert Holmes Bell, that the Sixth Circuit would likely adopt the interpretation of the statute used by the majority of the circuit courts. Fairly read, § 1997e(e) is a limitation on remedies, not a limitation on the substantive claims that can be brought. The statutory provision applies to Plaintiff's First Amendment claims and, for prisoners who allege no physical injury, the provision bars recovery for mental and emotional injuries. The statutory provision does not require dismissal of the lawsuit. Plaintiff may seek damages (e.g. punitive) other than those for mental or emotional injuries. To seek mental or emotional injuries, he must allege physical injury. Any resultant Constitutional issue is reserved pending an appropriate Motion and briefing.

Accordingly, the portion of the report addressing § 1997e(e) is ADOPTED IN PART and REJECTED IN PART. The portion of the report addressing punitive damages in the context of § 1997e(e) is ADOPTED as the opinion of the court. The portion of the report addressing compensatory damages in the context of § 1997e(e) is REJECTED, in light of the discussion herein.

B. GOVERNMENTAL IMMUNITY

The magistrate judge concludes Defendant is not entitled to governmental immunity because there exists a genuine issue of material fact on the good faith prong of the test announced in *Odom v. Wayne County*, 760 N.W.2d 217, 228-29 (Mich. 2008). Defendant objects. In the brief in support of his motion (Dkt. No. 100), Defendant argues his affidavit (Dkt. No. 62-7) establishes that he acted in good faith and without malice. In his objection, Defendant argues the magistrate judge overlooked the requirement that the good faith prong must be viewed subjectively.

Defendant's objection is OVERRULED. The magistrate judge correctly outlined the legal test for governmental immunity. A *de novo* review of the record establishes a genuine issue of material fact on the good faith prong. Plaintiff accuses Defendant of various acts, which Defendant denies doing. These contradictory factual assertions clearly constitute a genuine issue of material fact. Defendant does not state that he did perform these act, but did so in good faith and without malice. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

CONCLUSION

The R&R (Dkt. No. 126) is ADOPTED in part and REJECTED in part. No party objects to the magistrate judge's recitation of the facts. Defendant concedes to the magistrate judge's conclusions regarding Plaintiff's First and Eighth Amendment claims. For the reasons outlined above, the court agrees with the magistrate judge's conclusions regarding punitive damages for First Amendment claims under § 1997e(e), but disagrees with the portion of the report regarding compensatory damages. The court agrees with the magistrate judge's conclusions concerning Defendant's claim for governmental immunity.

## GOOD FAITH

This court has resolved the issue of damages under § 1997e(e), at least in part, against Plaintiff. Because Plaintiff is proceeding *in forma pauperis*, the court must consider whether any appeal of this decision would be brought in good faith. *See* 28 U.S.C. § 1915(a)(3). Having reviewed the record for this purpose, the court concludes an appeal of the resolution of the issue of damages under § 1997e(e) would not be frivolous and therefore would be taken in good faith. Indeed, published authority on the issues raised would be of significant benefit to the bench and bar.

## ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 126) is ADOPTED IN PART and REJECTED IN PART, consistent with the above opinion, as the opinion of this court; and

2. Defendant Martin's motions for summary judgment (Dkt. Nos. 61 and 99) are **DENIED.**

3. Any appeal, by the Plaintiff, of the issue of damages as limited by 42 U.S.C. § 1997e(e) would be taken in good faith.


Date:  June 30, 2010                                             /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                Chief United States District Judge